IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,074-01






EX PARTE JOE LEE HENDERSON, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 15614-A IN THE 329TH DISTRICT COURT


FROM WHARTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of
habitation and sentenced to three (3) years' imprisonment. He did not appeal his conviction. 

 Applicant alleges that Dawn E. Allison, who assisted his attorney Richard Manske in
representing him, labored under a conflict of interest because she worked for the District Attorney's
Office at the same time as she represented him. He alleges that Allison came to visit him in county
jail and consulted with him instead of Manske. He alleges that this conflict affected specific
instances of co-counsel's performance as she failed to bring the fact that the police officer assigned
to the case was related to the complainant to counsel's attention and failed to search for alibi
witnesses and request a line-up, even though identity was an important issue in this case. Applicant
also alleges that the prosecutor told him that there would be "overzealous" prosecution in this case
as investigating police officer was related to the complainant. He asserts that the complained-of
relationship was the sole reason why a line-up was not conducted and why other suspects were not
interrogated. He also alleges that counsel's advise to plead guilty was objectively deficient because
counsel based his recommendation on erroneous information provided by co-counsel and was not
aware of the facts of this case. Further, he alleges that his guilty plea was involuntary because he
felt like he had no choice but to plead guilty because of the aforementioned conflict of interest. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Monreal v. State, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order counsel
(and co-counsel, if applicable) to file an affidavit addressing: (1) whether Dawn Allison assisted in
representing Applicant in this case; (2) whether counsel was aware that the investigating police
officer was related to the complainant; (3) whether identity was an important issue in this case and,
if so, why a line-up was not conducted; (4) whether counsel familiarized himself with the facts of
the case; and, (5) whether counsel believes that Applicant freely, knowingly, and intelligently entered
his guilty plea. The trial judge shall also order the Assistant District Attorney who prosecuted this
case to file an affidavit addressing: (1) whether to he or she was aware that the investigating police
officer was related to the complainant; (2) whether he or she told Applicant there would be
"overzealous" prosecution in this case because of the police officer's relationship with the
complainant; and, (3) whether identity was an important issue in this case, and, if so, why a line-up
was not conducted and why other suspects were not interrogated. The trial judge shall also
supplement the record with a copy of the trial judge's written admonishments, Applicant's judicial
confession, any written waivers, and a transcription the court reporter's notes from the plea hearing. 
 In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. Specifically, the trial judge shall make findings of fact as to
whether counsel believes Applicant freely, knowingly, and intelligently entered his guilty plea. The
trial judge shall also make findings of fact with regards to Applicant's ineffective assistance of
counsel claim. Specifically, the trial judge shall make findings of fact as to whether counsel labored
under a conflict of interest because of Allison's alleged relationship with the District Attorney's
Office. The trial judge shall also make findings of fact as to whether there was prosecutorial
misconduct in this case because of the police officer's alleged relationship with the complainant. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 10, 2008

Do not publish